February 28, 1978

## 78-13 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, OFFICE FOR IMPROVEMENTS IN THE ADMINISTRATION OF JUSTICE

### United States Attorneys—Suggested Appointment Power of the Attorney General—Constitutional Law (Article II, § 2, cl. 2)

This responds to your request for our opinion on whether U.S. Attorneys are inferior officers within the meaning of Art. II, § 2, cl. 2, of the Constitution, so that Congress could by law provide for their appointment by the Attorney General.

This question has arisen in connection with a proposal to provide for the appointment and removal of U.S. Attorneys by the Attorney General alone, in contrast to the present law pursuant to which U.S. Attorneys are appointed by the President by and with the consent of the Senate and removed solely by Presidential authority.

Art. II, § 2, cl. 2, provides generally that the President shall have power to appoint the officers of the United States

. . . but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

The question therefore is whether the U.S. Attorney is an inferior officer within the meaning of that constitutional provision.

The Constitution does not define the term "inferior officer." Earlier commentators point to the vagueness and the absence of exact lines drawn in this aspect of the Constitution. Rawle, *Constitution of the United States*, p. 164; Story, *Commentaries on the Constitution of the United States*, § 1536. In *Collins* v. *United States*, 14 Ct. Cl. 568, 574 (1878), the court defined the term "inferior" not in the "sense of petty or unimportant" but in the sense of subordinate or inferior to the officer in whom the power of appointment is vested. This definition appears to have been generally accepted. *Constitution of*

*the United States of America, Analysis and Interpretation* (1973 ed.) S. Doc. 92-82, pp. 526-527.

In light of this interpretation the U.S. Attorneys can be considered to be inferior officers, since 28 U.S.C. § 519 authorizes the Attorney General to direct all U.S. Attorneys in the discharge of their duties. In this context the Supreme Court suggested nearly 100 years ago in *Ex Parte Siebold,* 100 U.S. 371, 397 (1879), that Congress could vest the authority to appoint U.S. Marshals in the Attorney General. The status of the U.S. Marshals is quite closely related to that of the U.S. Attorneys. *See* 28 U.S.C. § 569(c).

Since the beginning of the Republic, Congress has not exercised its discretionary power to vest the appointment of U.S. Attorneys in the Attorney General. This failure to exercise that discretionary power, however, does not create customary constitutional law precluding Congress from exercising that authority. As Justice Story stated (*id.,* § 1535):

> In one age the appointment might be most proper in the President; and in another age, in a department.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*